AOV,CLOSED

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CRIMINAL DOCKET FOR CASE #: 0:21−mj−06311−AOV All Defendants

Case title: USA v. Laforest

Date Filed: 05/12/2021

Date Terminated: 05/12/2021

Assigned to: Magistrate Judge Alicia O. Valle

**Defendant (1)**

| | | |
|---|---|---|
| **Sabitri Laforest** | represented by | **Noticing FPD−FTL** |
| 44604−509 | | (954) 356−7436 |
| *YOB 1961 English* | | Email: ftl_ecf@fd.org |
| *TERMINATED: 05/12/2021* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Public Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:U.S.C.§1349 CONSPIRACY TO COMMIT WIRE FRAUD 18:U.S.C.§1343 WIRE FRAUD 18:U.S.C.1956(h)CONSPIRACY TO COMMIT MONEY LAUNDERING | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Donald F. Chase , II** |
| | | United States Attorney's Office |

500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33394
954–660–5693
Fax: 356–7336
Email: donald.chase@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/12/2021 | 1 | | Magistrate Removal of Indictment from SOUTHERN DISTRICT OF NEW YORK Case number in the other District 21–CR–272 as to Sabitri Laforest (1). (at) (Entered: 05/12/2021) |
| 05/12/2021 | | | Set Hearing as to Sabitri Laforest: Initial Appearance – Rule 5(c)(3)/40 set for 5/12/2021 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. (at) (Entered: 05/12/2021) |
| 05/12/2021 | 2 | | Minute Order for proceedings held before Magistrate Judge Alicia O. Valle: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Sabitri Laforest held on 5/12/2021. Bond set as to Sabitri Laforest (1) 2 Million–PSB. Date of Arrest or Surrender: 05/12/21. Attorney added: Noticing FPD–FTL for Sabitri Laforest. (Huda Macri in court) (Digital 12:01:39) Signed by Magistrate Judge Alicia O. Valle on 5/12/2021. (tw) (Entered: 05/12/2021) |
| 05/12/2021 | 3 | | $2 Million PSB Bond Entered as to Sabitri Laforest Approved by Magistrate Judge Alicia O. Valle. *Please see bond image for conditions of release.* (tw) (Additional attachment(s) added on 5/12/2021: # 1 Restricted Bond with 7th Page) (tw). (Entered: 05/12/2021) |
| 05/12/2021 | 4 | | ORDER OF REMOVAL ISSUED to District of Southern New York as to Sabitri Laforest. Closing Case for Defendant. Signed by Magistrate Judge Alicia O. Valle on 5/12/2021. *See attached document for full details.* (tw) (Entered: 05/12/2021) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
                      :

UNITED STATES OF AMERICA      :   SEALED INDICTMENT

     - v. -            :   21 Cr. 272

SABITRI LAFOREST,         :
GARRY LAFOREST,            :
TATIANA LAFOREST            :
    a/k/a "Tatiana Mays," and   :
SANJAY LAFOREST,         :
                      :
    Defendants.         :
                      :
- - - - - - - - - - - - - - - X



21-mj-6311-AOV

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

### OVERVIEW OF THE EMBEZZLEMENT SCHEME

1.   From at least in or about 2013, up through and
including in or about 2020, SABITRI LAFOREST ("SABITRI"), GARRY
LAFOREST ("GARRY"), TATIANA LAFOREST, a/k/a "Tatiana Mays"
("TATIANA"), and SANJAY LAFOREST ("SANJAY"), the defendants,
used SABITRI's position as the controller of an electrical
contracting company ("Victim-1") to embezzle over $17 million
from Victim-1.

2.   As the controller of Victim-1, SABITRI had access to
the company's bank accounts.  The defendants used SABITRI's
access to Victim-1's office expense account (the "Victim Bank
Account") to make payments to a charge account that TATIANA

opened (the "Laforest Charge Account" or the "Account") at a credit card company (the "Credit Card Company").

3. SABITRI, GARRY, and TATIANA were all cardholders on the Laforest Charge Account and regularly charged hundreds of thousands of dollars to the Account each month. From at least in or about January 2013 through in or about October 2020, the Laforest Charge Account was paid off exclusively with money from the Victim Bank Account.

4. In addition to making purchases on the Laforest Charge Account, the defendants used the Laforest Charge Account to make cash advances and to transfer large sums of money to other accounts and restaurant and hospitality businesses controlled by the defendants, in order to make money stolen from Victim-1 appear to be legitimate revenues generated by the defendants' businesses. In an effort to further disguise the embezzlement scheme, the defendants also used the Laforest Charge Account to pay for costs associated with the defendants' restaurant and hospitality businesses—including SANJAY's companies, which operate under a certain d/b/a name ("Hospitality Group-1")—such as rent, food, and alcohol.

## RELEVANT INDIVIDUALS AND ENTITIES

5. SABITRI is approximately 59 years old. She is married to GARRY and is the mother of TATIANA and SANJAY. From at least in or about 1992 through in or about October 2020, SABITRI was

Victim-1's controller.

6.    GARRY is approximately 64 years old.  He is married to SABITRI and is the father of TATIANA and SANJAY.

7.    TATIANA is approximately 36 years old.

8.    SANJAY is approximately 38 years old.

9.    SABITRI and GARRY own and operate a restaurant/catering company located in the vicinity of Elmont, New York ("Restaurant-1").

10.   Hospitality Group-1 is a group of restaurant and hospitality companies located in Manhattan, New York owned by SANJAY.  GARRY, TATIANA, and other members of the LAFOREST family have represented themselves as employees of Hospitality Group-1.  Hospitality Group-1 operates two restaurants in Manhattan.

11.   Victim-1 is an electrical contracting firm located in Manhattan, New York.

12.   The Credit Card Company is a global financial services company headquartered in Manhattan, New York, that offers, among other things, charge card services to its customers.

## MEANS AND METHODS OF THE EMBEZZLEMENT SCHEME

13.   SABITRI was an employee of Victim-1 from at least in or about 1986 up until her termination in or about October 2020. At all relevant times during the offense, SABITRI was Victim-1's controller.  As controller, she was responsible for all of

3

Victim-1's financials, such as payroll, accounting, and accounts payable and receivable. SABITRI was authorized to use Victim-1's bank accounts, including the Victim Bank Account, to pay certain company expenses.

14. In or about 2006, TATIANA opened the Laforest Charge Account. As a charge cardholder, TATIANA could use her charge card to make purchases at vendors that accept the Credit Card Company's card in exchange for paying off her charges at the end of the each of month. In or about November 2007, TATIANA added SABITRI to the Laforest Charge Account as a secondary cardholder who was given her own card and authorized to make charges on the Account.

15. From at least in or about 2013 through in or about 2020, TATIANA and SABITRI exclusively used the Victim Bank Account to pay off the Laforest Charge Account. Those payments were all routed through the Automated Clearing House ("ACH") network. Whenever TATIANA or SABITRTI authorized a payment to the Laforest Charge Account, the Credit Card Company would submit a request to debit the Victim Bank Account and credit the Credit Card Company's bank account through the ACH network. The Credit Card Company would in turn credit the Laforest Charge Account for paying its bill.

16. To authorize these payments, TATIANA and SABITRI either (a) called the Credit Card Company; (b) accessed the

4

Credit Card Company's website from a computer, including from Victim-1's offices in Manhattan, New York; or (c) accessed the Credit Card Company's mobile website or application ("app") from a mobile phone.

17.   From at least in or about January 2013 up to and including at least in or about October 2020, SABITIRI, TATIANA, and GARRY--who was added as a secondary cardholder to the Laforest Charge Account in October 2013--charged approximately $17 million to the Account.

### THE DEFENDANTS' USE OF THE EMBEZZLED FUNDS

18.   The charges the defendants incurred on the Laforest Charge Account and paid off using the Victim Bank Account fell into three broad categories: (i) personal expenses; (ii) cash advances and cash transfers to other personal accounts; and (iii) transfers to and purchases on behalf of restaurant and hospitality companies owned and controlled by the defendants.

19.   With respect to personal expenses, SABITRI, TATIANA, and GARRY used the Laforest Charge Account to charge, among other things, hundreds of thousands of dollars in purchases on travel, clothing, electronics, luxury goods, rent, and home improvements.   For example: (a) between approximately 2013 and 2020, SABITRI, TATIANA, and GARRY charged at least approximately $639,000 in travel expenses with two airline companies to the Laforest Charge Account; and (b) between approximately 2015 and

5

2020, GARRY charged at least approximately $242,050 in tickets for a New York City professional basketball team to the Laforest Charge Account; (c) between approximately 2015 and 2020, GARRY, SABITRI, and TATIANA charged over approximately $250,000 in rent for two luxury apartments leased by SANJAY and TATIANA at a building in the vicinity of Hudson Yards in New York City to the Laforest Charge Account; (d) in or about 2020, SABITRI and GARRY spent at least approximately $100,000 on home improvements for a home they purchased in Parkland, Florida, by charging payments to the contractor to the Laforest Charge Account; and (e) in or about 2019 and 2020, SABITRI and GARRY purchased a 2019 Chevrolet Corvette ZR-1 and a 2020 Ford Shelby GT500 using the Laforest Charge Account.

20. The defendants also used the Laforest Charge Account to steal cash directly from the Victim Bank Account through cash advances and electronic cash transfers to other financial accounts controlled by the defendants and other members of the Laforest family. For example: (a) in or about 2020, TATIANA and another Laforest family member used TATIANA's charge card on the Laforest Charge Account to make over $132,000 in cash advances at ATMs located in Manhattan, New York, Long Island, New York, and Bayonne, New Jersey; (b) between approximately 2016 and 2020, GARRY and TATIANA incurred over $1.5 million in charges to an online payment processor ("Processor-1") on the Laforest

6

Charge Account, and directed the transfer of those funds to Processor-1 accounts controlled by SABITRI, TATIANA, SANJAY, and other Laforest family members; and (c) in or about 2020, SABITRI, GARRY, and SANJAY each opened an investment account with an online brokerage company ("Brokerage-1"), linked the Laforest Charge Account to their respective Brokerage-1 accounts, and made a total of over $200,000 in charges to Brokerage-1.

21. The defendants also used their ownership and control of their restaurant businesses to further enrich themselves using the Victim Bank Account and to disguise the proceeds of their embezzlement scheme as legitimate business income. For example: (a) between approximately 2014 and 2017, SABITRI, GARRY, and TATIANA charged over $390,000 to Restaurant-1, using the Laforest Charge Account; (b) between approximately 2015 and 2020, GARRY charged over $2.1 million to Hospitality Group-1, using the Laforest Charge Account; (c) between approximately 2018 and 2020, TATIANA charged over approximately $345,000 to the Laforest Charge Account for purchases from a restaurant supplier used by Hospitality Group-1; and (d) in approximately 2020, TATIANA charged over approximately $112,000 in rent for Hospitality Group-1 to the Laforest Charge Account.

22. In furtherance of the scheme to charge $2.1 million to Hospitality Group-1 using the Laforest Charge Account, SANJAY

7

used payment processor accounts for Hospitality Group-1 that he had opened with three payment processing companies ("Processors-2, -3, and -4"). These accounts allowed Hospitality Group-1 to accept credit cards for payment, including payments from the Laforest Charge Account.

23. In or about approximately 2015, 2019, and 2020, Processors-2, -3, and -4 each respectively froze payments from the Laforest Charge Account to Hospitality Group-1 and asked SANJAY to provide documentation for those transactions to confirm their legitimacy. In order to convince Processors-2, -3, and -4, to release the frozen funds and allow him to continue using Hospitality Group-1's payment processing accounts, SANJAY misrepresented the nature of the transactions, for example, by claiming that the payments were made by fictitious clients of Hospitality Group-1.

## UNRAVELLING OF THE EMBEZZLEMENT SCHEME

24. In or about September 2020, the Charge Company contacted Victim-1 and informed Victim-1 that the Victim Bank Account was being used to pay off significant charges for a charge card account associated with one of its employees, namely, SABITRI.

25. On or about October 7, 2020, Victim-1 fired SABITRI after confronting her for misusing the Victim Bank Account.

26. Victim-1's Bank retroactively clawed back from the

8

Charge Company approximately $714,000 in payments that TATIANA made to the Laforest Amex Card using the Victim Bank Account from in or about August 2020 through in or about September 2020.

## STATUTORY ALLEGATIONS

27.  From at least in or about 2013 up to and including at least in or about 2020, in the Southern District of New York and elsewhere, SABITRI LAFOREST, GARRY LAFOREST, TATITANA LAFOREST a/k/a "Tatiana Mays," and SANJAY LAFOREST, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

28.  It was a part and object of the conspiracy that SABITRI LAFOREST, GARRY LAFOREST, TATITANA LAFOREST a/k/a "Tatiana Mays," and SANJAY LAFOREST, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

9

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

29.  The allegations contained in paragraphs 1 through 26 of this Indictment are repeated and realleged as if fully set forth herein.

30.  From at least in or about 2013 up to and including at least in or about 2020, in the Southern District of New York and elsewhere, SABITRI LAFOREST, GARRY LAFOREST, TATITANA LAFOREST a/k/a "Tatiana Mays," and SANJAY LAFOREST, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, SABITRI, GARRY, TATIANA, and SANJAY participated in a scheme to defraud Victim-1 by embezzling Victim-1's money from the Victim Bank Account, and executed transactions to embezzle that money by means of causing electronic bank payments to be made to the Laforest Charge Account from the Victim Bank Account through telephone and the

10

internet.

   (Title 18, United States Code, Sections 1343 and 2.)

### COUNT THREE
**(Conspiracy to Commit Money Laundering)**

The Grand Jury further charges:

   31.   The allegations contained in paragraphs 1 through 26 of this Indictment are repeated and realleged as if fully set forth herein.

   32.   From at least in or about 2014 up to and including at least in or about 2020, in the Southern District of New York and elsewhere, SABITRI LAFOREST, GARRY LAFOREST, TATITANA LAFOREST a/k/a "Tatiana Mays," and SANJAY LAFOREST, the defendants, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(1)(B)(i).

   33.   It was a part and an object of the conspiracy that SABITRI LAFOREST, GARRY LAFOREST, TATITANA LAFOREST a/k/a "Tatiana Mays," and SANJAY LAFOREST, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, the wire fraud scheme alleged in Counts One and Two of this Indictment, knowing that

11

the transactions were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

34. As a result of committing the offense alleged in Counts Two of this Indictment, SABITRI LAFOREST, GARRY LAFOREST, TATIANA LAFOREST, a/k/a Tatiana Mays, and SANJAY LAFOREST, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property:

     a. Real property located on NW 70th Place in Parkland, Florida;

     b. One 2019 Chevrolet Corvette ZR-1 bearing VIN 1G1Y42D9XK5801366;

     c. One 2020 Ford Shelby GT500 bearing VIN 1FA6P8SJ6L5501627;

12

d.  $2,179,458.42 funds in the bank account with account number ending in 7466 at TD Bank, N.A., and any and all funds traceable thereto;

e.  $178,000.00 in funds in the account with account number ending in 2215 at PayPal, Inc., and any all funds traceable thereto;

f.  $311,600.00 in funds in the account with account number ending in 8115 at PayPal, Inc., and any all funds traceable thereto;

g.  $189,250.00 in funds in the account with account number ending in 2586 at PayPal, Inc., and any all funds traceable thereto;

h.  $14,880.00 in funds, stocks, bonds or other securities in the brokerage account with account number ending in 3075 at Stockpile, Inc., or in the clearing account with account number ending in 6446 at Apex Clearing Corp., and any all funds traceable thereto;

i.  $167.578.11 in funds, stocks, bonds or other securities in the brokerage account with account number ending in 8873 at Stockpile, Inc., or in the clearing account with account number ending in 6024 at Apex Clearing Corp., and any all funds traceable thereto; and

j.  $2000.00 in funds, stocks, bonds or other securities in the brokerage account with account number ending

13

in 2685 at Stockpile, Inc., or in the clearing account with account number ending in 0638 at Apex Clearing Corp., and any all funds traceable thereto.

35.    As a result of committing the offense alleged in Count Three of this Indictment, SABITRI LAFOREST, GARRY LAFOREST, TATIANA LAFOREST, a/k/a Tatiana Mays, and SANJAY LAFOREST, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the following specific property:

a.    Any and all funds in the bank account with account number ending in 7466 at TD Bank, N.A., and any and all funds traceable thereto;

b.    Any and all funds in the bank account with account number ending in 5496 at TD Bank, N.A., and any and all funds traceable thereto;

c.    Any and all funds in the bank account with account number ending in 8431 at Bank of America, N.A., and any and all funds traceable thereto;

14

d.   Any and all funds in the bank account with account number ending in 6599 at UMB Bank, N.A., and any and all funds traceable thereto;

e.   Any and all funds in the bank account with account number ending in 0895 at Valley National Bank, N.A., and any and all funds traceable thereto;

f.   Any and all funds in the bank account with account number ending in 5129 at Bank of America, N.A., and any and all funds traceable thereto;

g.   Any and all funds in the bank account with account number ending in 5161 at Bank of America, N.A., and any and all funds traceable thereto;

h.   Any and all funds in the bank account with account number ending in 1070 at Citibank, N.A., and any and all funds traceable thereto;

i.   Any and all funds in the bank account with account number ending in 3921 at Citibank, N.A., and any and all funds traceable thereto;

j.   Any and all funds in the bank account with account number ending in 8548 at TD Bank, N.A., and any and all funds traceable thereto;

k.   Any and all funds in the bank account with account number ending in 9163 at JP Morgan Chase Bank, N.A., and any and all funds traceable thereto;

15

l.    Any and all funds, stocks, bonds, or other securities in the clearing account with account number ending 3741 at Robinhood Securities LLC as clearing broker for Robinhood Financial LLC or in the cash management ACH account with account number ending 3741 managed by Robinhood Securities LLC and Robinhood Financial LLC, and any and all funds traceable thereteo; and

m.    Any and all funds, stocks, bonds, or other securities in the clearing account with account number ending 7108 at Robinhood Securities LLC as clearing broker for Robinhood Financial LLC, and any and all funds traceable thereteo.

### Substitute Asset Provision

36.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

16

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable

property.

        (Title 18, United States Code, Sections 981 and 982;
             Title 21, United States Code, Section 853; and
              Title 28, United States Code, Section 2461.)


_____

FOREPERSON

_____

AUDREY STRAUSS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

SABITRI LAFOREST,
GARRY LAFOREST,
TATIANA LAFOREST
a/k/a "Tatiana Mays," and
SANJAY LAFOREST,

Defendants.

INDICTMENT

21 Cr.

(18 U.S.C. §§ 1343, 1349, 1956)

AUDREY STRAUSS
United States Attorney

null

Foreperson

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Donald F. Chase, II (caseview.ecf@usdoj.gov, donald.chase@usdoj.gov,
jason.bullard@usdoj.gov, jennifer.m.smith2@usdoj.gov, judgewantabe@comcast.net,
usafls-brdkt@usdoj.gov), Magistrate Judge Alicia O. Valle (valle@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:21080498@flsd.uscourts.gov
Subject:Activity in Case 0:21-mj-06311-AOV USA v. Laforest Set/Reset Deadlines/Hearings
Content-Type: text/html
```

## U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 5/12/2021 at 9:14 AM EDT and filed on 5/12/2021

| | |
|---|---|
| **Case Name:** | USA v. Laforest |
| **Case Number:** | 0:21–mj–06311–AOV |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Set Hearing as to Sabitri Laforest: Initial Appearance – Rule 5(c)(3)/40 set for 5/12/2021 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. (at)**

**0:21–mj–06311–AOV–1 Notice has been electronically mailed to:**

Donald F. Chase , II &nbsp &nbsp donald.chase@usdoj.gov, CaseView.ECF@usdoj.gov,
jason.bullard@usdoj.gov, Jennifer.M.Smith2@usdoj.gov, judgewantabe@comcast.net,
USAFLS–BRDKT@usdoj.gov

**0:21–mj–06311–AOV–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

# COURT MINUTES/ORDER

## United States Magistrate Judge Alicia O. Valle

**Courtroom 310**   Date: 5/12/2021   Time: 11:00a.m.

Defendant: Sabitri Laforest   J#: _____   Case #: 21-6311-AOV

AUSA: Don Chase (Duty) *Matt Shahabian AUSA SDNY*   Attorney: _____

Violation: Conspiracy to Commit Wire Fraud

Proceeding: Initial Appearance-Rule 40/5 Removal   CJA Appt: _____

Bond/PTD Held: ☒ Yes ☐ No   Recommended Bond: _____

Bond Set at: 2 million PSB Secured by property or $100K in Cash   Co-signed by: 3 persons (Not co-defendant)

☒ Surrender and/or do not obtain passports/travel docs

Language: English

☐ Report to PTS as underlined directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services   Treatment as deemed necessary

☒ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☒ Maintain or seek full-time employment/education *No access to bank Info*

☐ No contact with victims/witnesses

☒ No firearms

☒ Not to encumber property

☒ May not visit transportation establishments *except travel for court*

☒ Home Confinement/Electronic Monitoring and/or GPS Curfew _____ pm to _____ am, paid by *Defendant*

☒ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☒ Travel extended to: SDFL, SD NY, ED NY

☒ Other: Disclose all financial account to Pretrial

Disposition: Defendant present via VTC and verbally consents to proceed via video conference. Defendant advised of Rights and charges. Defendant Sworn and testified Re Indigency. AFPD appointed for purposes of removal hearing only. Defendant to be release today. Per court Defendant has two weeks to comply with conditions. Deft verbally waives Identity & Removal Hearing. - Do Not open any new account

**NEXT COURT APPEARANCE**   Date: _____ Time: _____ Judge: _____   Place: _____

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 12:01:39   Time in Court: 50 mins.

CHECK IF APPLICABLE: _____ For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including _____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, 18 USC 3161 et seq..

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** _____

CASE NO.: 21-MJ-6311-AOV

UNITED STATES OF AMERICA:

        Plaintiff,

v.

USM #: 44604-509

Sabitri LaQrest

        Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 2 million PSB with 3 co-signers secured by $100,000 property or cash

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

    1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

    2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

    3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

    4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT:
CASE NUMBER:
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

__✓_a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

__✓_b. Report to Pretrial Services as follows: ( ✓ as directed or___ time(s) a week in person and___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__✓_d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__✓_f. Employment restriction(s): No access to financial info

__✓_g. Maintain or actively seek full-time employment; No access to bank info

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

__✓_k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

__✓_l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__✓_m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; except travel our cust to NY

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT:
CASE NUMBER:
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – (  ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

✔ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

✔ Home Detention: You are restricted to your residence at all times except for:
   ( ✔ ) medical
   (  ) substance abuse or mental health treatment
   ( ✔ ) court appearances
   ( ✔ ) attorney visits or court ordered obligations
   (  ) religious services
   (  ) employment
   (  ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (  ) Pretrial Services or (  ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:
   (  ) employment
   (  ) education
   (  ) religious services
   (  ) medical, substance abuse, or mental health treatment
   (  ) attorney visits
   (  ) court appearances
   (  ) court ordered obligations
   (  ) reporting to Pretrial Services
   (  ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT:
CASE NUMBER:
PAGE FOUR

___ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

___ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

    1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

    2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

    3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

    4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

    5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

    6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

    7. ( ) The defendant shall not be involved in any children's or youth organizations.

    8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

    9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: SDFL SDNY , and must notify Pretrial Services of travel plans before leaving and upon return. EDNY

✓ v. Comply with the following additional conditions of bond:
- Disclose all financial accounts to pretrial
- Do not open any new bank accounts

26

DEFENDANT:
CASE NUMBER:
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT:
CASE NUMBER:
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 21 ____ at _____, Florida

Signed and acknowledged before me:                    DEFENDANT: (Signature) _____

WITNESS: _____         _____

City _____ State _____                                City _____ State _____

### CORPORATE SURETY

Signed this _____ day of _____, 21 ____ at _____, Florida

SURETY: _____         AGENT: (Signature) _____

                                                     PRINT NAME: _____

City _____ State _____

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 21 ___ at _____, Florida        Signed this ____ day of _____, 21 ___ at _____, Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____                  PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____           RELATIONSHIP TO DEFENDANT: _____

City _____ State _____                             City _____ State _____

Signed this ____ day of _____, 21 ___ at _____, Florida        Signed this ____ day of _____, 21 ___ at _____, Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____                  PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____           RELATIONSHIP TO DEFENDANT: _____

City _____ State _____                             City _____ State _____

### APPROVAL BY THE COURT

Date: _____ May 12, 2021 _____

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

DEFENDANT:
CASE NUMBER:
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this_____ day of _____, 21____ at _____, Florida

Signed and acknowledged before me:        DEFENDANT: (Signature) _____

WITNESS: _____

_____   _____
City                            State

### CORPORATE SURETY

Signed this_____ day of _____, 21____ at _____, Florida

SURETY: _____        AGENT: (Signature) _____

                                        PRINT NAME: _____

_____   _____
City                            State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 21___ at _____, Florida        Signed this ___ day of _____, 21___ at _____, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: _____        PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____   _____        _____   _____
City                            State              City                            State

Signed this ___ day of _____, 21___ at _____, Florida        Signed this ___ day of _____, 21___ at _____, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: _____        PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____   _____        _____   _____
City                            State              City                            State

## APPROVAL BY THE COURT

Date: _____        _____

                                        ALICIA O. VALLE
                                        UNITED STATES MAGISTRATE JUDGE

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** _____

CASE NO.: 21-MJ-6311-AOV

UNITED STATES OF AMERICA:

        Plaintiff,

v.

USM #: 44604-509

Sabitri LaForest

        Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 2 million PSB with 3 co-signers secured by $100,000 property or cash

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT:
CASE NUMBER:
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

__✓_a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

__✓_b. Report to Pretrial Services as follows: ( ✓ as directed or___ time(s) a week in person and___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__✓_d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__✓_f. Employment restriction(s): No access to financial info

__✓_g. Maintain or actively seek full-time employment; No access to bank info

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

__✓_k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

__✓_l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__✓_m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.; except travel our Court to NY

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT:
CASE NUMBER:
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

 __ Location monitoring technology at the discretion of the officer

 __ Radio Frequency (RF) monitoring (Electronic Monitoring)

 ✔ Active GPS Monitoring

 __ Voice Recognition

 __ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

OR

 ✔ Home Detention: You are restricted to your residence at all times except for:
  ( ✔ ) medical
  ( ) substance abuse or mental health treatment
  ( ✔ ) court appearances
  ( ✔ ) attorney visits or court ordered obligations
  ( ) religious services
  ( ) employment
  ( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( ) Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:
 ( ) employment
 ( ) education
 ( ) religious services
 ( ) medical, substance abuse, or mental health treatment
 ( ) attorney visits
 ( ) court appearances
 ( ) court ordered obligations
 ( ) reporting to Pretrial Services
 ( ) other _____

— q. Third-Party Custody: _____ will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

 r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT:
CASE NUMBER:
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

7. ( ) The defendant shall not be involved in any children's or youth organizations.

8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: SDFl SDNY , and must notify Pretrial Services of travel plans before leaving and upon return. ED NY

✓ v. Comply with the following additional conditions of bond:
- Disclose all financial accounts to pretrial
- Do not open any new bank accounts

DEFENDANT:
CASE NUMBER:
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT:
CASE NUMBER:
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this_____ day of _____ , 21 ____ at _____ , Florida

Signed and acknowledged before me:                     DEFENDANT: (Signature) _____

WITNESS: _____

_____        _____                 Broward                        FL
     City                      State                          City                          State

### CORPORATE SURETY

Signed this_____ day of _____ , 21 ____ at _____ , Florida

SURETY: _____        AGENT: (Signature) _____

_____        _____                 PRINT NAME: _____
     City                      State

### INDIVIDUAL SURETIES

Signed this ___ day of _____ , 21 ___ at _____ , Florida        Signed this ___ day of _____ , 21 ___ at _____ , Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: _____        PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____        _____                 _____        _____
     City                      State                          City                          State

Signed this ___ day of _____ , 21 ___ at _____ , Florida        Signed this ___ day of _____ , 21 ___ at _____ , Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: _____        PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____        _____                 _____        _____
     City                      State                          City                          State

## APPROVAL BY THE COURT

Date:   May 12, 2021

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

DEFENDANT:
CASE NUMBER:
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this_____ day of _____, 21 ____ at _____, Florida

Signed and acknowledged before me:                    DEFENDANT: (Signature) _____

WITNESS: _____

_____        _____
        City                                State

### CORPORATE SURETY

Signed this_____ day of _____, 21 ____ at _____, Florida

SURETY: _____        AGENT: (Signature) _____

                                                 PRINT NAME: _____
_____        _____
        City                                State

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 21 ___ at _____, Florida        Signed this ____ day of _____, 21 ___ at _____, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: _____        PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____        _____        _____        _____
        City                    State                    City                    State

Signed this ____ day of _____, 21 ___ at _____, Florida        Signed this ____ day of _____, 21 ___ at _____, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: _____        PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____        _____        _____        _____
        City                    State                    City                    State

## APPROVAL BY THE COURT

Date: _____        _____

                                 ALICIA O. VALLE
                                 UNITED STATES MAGISTRATE JUDGE

| CM/ECF RESTRICTED | DEFENDANT:<br>CASE NUMBER:<br>PAGE SEVEN |
|---|---|

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 21 ____ at _____, Florida

Signed and acknowledged before me:

WITNESS: _____

ADDRESS: _____ ZIP: _____

DEFENDANT: (Signature) _____

ADDRESS: 6805 NW 70th Place

Parkland Fl ZIP: 33067

TELEPHONE: 347 231 4795

### CORPORATE SURETY

Signed this _____ day of _____, 21 ____ at _____, Florida

SURETY: _____

ADDRESS: _____ ZIP: _____

AGENT: (Signature) _____

PRINT NAME: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 21___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____, 21___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____, 21___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

Signed this ___ day of _____, 21___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____

_____ ZIP: _____

TELEPHONE: _____

## SOUTHERN DISTRICT OF FLORIDA
Case No. 21-MJ-6311-AOV

United States of America
            Plaintiff,

    v.

Sabitri Laforest
            Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **Southern District of New York**, an Indictment was filed against the above-named defendant on a charge of Conspiracy to Commit Wire Fraud, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Alicia O. Valle at Fort Lauderdale, Florida, which officially committed the defendant for removal to the **Southern District of New York**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Alicia O. Valle for removal and posted bail in the amount of $*2 million Personal Surety Bond* which was approved by the United States Magistrate Judge Alicia O. Valle, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida on 5/12/2021.

_____
Alicia O. Valle
United States Magistrate Judge