**LAW OFFICES OF**
**DONNA R. NEWMAN**
ATTORNEY AT LAW
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. 212-229-1516
FAX 212-676-7497
DONNANEWMANLAW@AOL.COM
MEMBER: N.Y. & N.J. BAR

May 17, 2021

Via ECF and Email

The Honorable Coleen McMahon
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *United States v. Sibitri Laforest, Garry Laforest*
21 cr 272

Dear Judge McMahon:

MEMO ENDORSED

1/12/22

The Modification of the conditions of release as requested herein is Granted.

*/s/ Colleen McMahon*

I am appointed to represent Sibitri Laforest and Thomas Dunn, Esq. is appointed to represent Garry Laforest. I write on behalf of my client and with the consent of Mr. Dunn, on behalf of his client. As confirmed by Assistant United States Attorney Matthew Shahahbian at today's court appearance, the Government consents to the elimination of GPS monitoring as a condition of the Laforests' bond and the substitution of the condition pretrial supervision as directed by Probation. The Government has agreed to eliminate their travel restrictions (see below) to permit them to travel to Florida and to New York upon notice and consent of their pretrial officer. Pretrial Officer Ashley Cosme has also agreed to the requested amendment of the Laforests' conditions of bond.

The following are the Laforests' current conditions of bond.

$1,000,000.00 PRB; co-signed by 3 FRP'S, secured by $100,000.00 property;
Travel restricted to SDNY/EDNY and SD Fla. only as necessary for court appearances and to meet with counsel before or after court, which must be approved in advance by PTS
Defendant is prohibited from entering areas near airports except for travel as permitted;
Surrender travel documents (& no new applications);
Pretrial supervision as directed by pretrial services;
Curfew as directed by pretrial officer;
GPS monitoring;

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/22

Def. must disclose all accounts to pretrial officer and Defendant is not to open any new financial accounts without approval of pretrial officer.

The requested amendments to the Laforests' conditions of bond relate to the Laforests' need to be examined and treated by their doctors in New York and their need to care for Mr. Laforests' elderly mother. The Laforests' reside in Florida but their doctors are in New York. Garry Laforest has recently had numerous medical issues that required him to be treated by his doctors in New York. Treatment has been difficult due to his GPS bracelet which prevented him, for example, from obtaining an MRI. His treatment continues and further testing is needed but was advised he could return to Florida within a week or two. Ms. Laforest also when necessary is treated by New York doctors. Mr. Laforest's mother resides in Queens, New York. She is elderly and recently hospitalized. Due to his mother's age, and health, they may need to return back to Queens at a moments notice. Based on these circumstances, the Laforests' ability to travel from Florida to New York is important. The requested amendment enables them to travel from their home in Florida to New York, when needed, with notice to their pretrial officer and permission from their pretrial officer.

Wherefore, on behalf of the Laforests, I respectfully request the Court authorize the amendments to Sabitri and Garry Laforests' bond as outlined above. All other conditions of their bond will remain in full force and effect.

Respectfully,
/s/
Donna R. Newman
Cc: AUSA Matthew Shahabian
    Thomas Dunn, Esq via email & ECF
    Mr. & Mrs. Laforest via email