UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:             CONSENT ORDER OF
- v. -                                            INTERLOCUTORY SALE
:             OF REAL PROPERTY
SABITRI LAFOREST, and
GARRY LAFOREST                  :             21 Cr. 272 (CM)

Defendants.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about April 26, 2021, SABITRI LAFOREST ("Defendant-1") and GARRY LAFOREST ("Defendant-2") (collectively, the "Defendants"), among others, were charged in a three-count Indictment, 21 Cr. 272 (CM) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment, and various specific property, including:

a. the real property located on NW 70th Place, in Parkland, Florida;

WHEREAS, on or about May 14, 2021, the Government filed a Forfeiture Bill of Particulars giving notice that the property subject to forfeiture as a result of the offense charged in Count Two of the Indictment, includes the following asset:

    a. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 6805 NW 70th Place, Pompano Beach, FL 33067, owned by GARRY LAFOREST and SABITRI LAFOREST (the "Subject Property");

WHEREAS, the Subject Property is titled in the name of the Defendants;

WHEREAS, on or about February 21, 2023, Defendant-1 pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein Defendant-1 admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money to be determined by the Court, representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment; and (ii) all right, title and interest of the Defendant-1 in the specific property listed in the Indictment;

WHEREAS, on or about _June 16, 2023_, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, forfeiting all right, title and interest of Defendant-1 in, among other things, the Subject Property;

WHEREAS, on or about February 21, 2023, Defendant-2 pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein Defendant-2 admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money to be determined by the Court,

representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment; and (ii) all right, title and interest of Defendant-2 in the specific property listed in the Indictment;

WHEREAS, on or about _June 16, 2023_, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, forfeiting all right, title and interest of Defendant-2 in, among other things, the Subject Property; and

WHEREAS, the Government and the Defendants have agreed to the interlocutory sale of the Subject Property by the Defendants before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture, with the net proceeds of the sale to be held as the substitute *res* pending further order of this Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistance United States Attorney Matthew R. Shahabian, of counsel, Defendant-1 and her counsel, Donna Newman Esq., Defendant-2 and his counsel, Thomas F.X. Dunn, Esq., that:

1. The Defendants are authorized to sell the Subject Property in a commercially feasible manner to achieve the highest possible sale price for the Subject Property, which shall involve the listing of the Subject Property listed with a licensed real estate broker. The United States, or its designee, may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value, or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

2. Prior to listing the Subject Property, the Defendants shall provide an appraisal of the Subject Property to the Government. The Government shall have the option of providing their own appraisals for the Subject Property to the Defendants prior to determining a

listing price for the Subject Property.

3. Upon the receipt of an offer from a potential buyer for the Subject Property, the Defendants shall provide notice to the Government and shall not accept any offer that is less than two-thirds of the appraised value.

4. Upon the sale of the Subject Property the net proceeds shall be deposited in the Treasury Seized Asset Depository Fund pending the resolution of this matter.

5. The net proceeds for the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

   a. Any outstanding mortgages;
   b. Real estate commissions, fees;
   c. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
   d. Insurance costs;
   e. Escrow fees;
   f. Title fees; and
   g. County transfer fees

(hereinafter, the "Net Proceeds").

6. Defendants shall, upon filing of this Interlocutory Order, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within sixty (60) days from the date of entry of this Interlocutory Sale Order. In the event the Defendants fail to secure a contract of sale within sixty (60) days, the Government is authorized to assume responsibility for the sale of the Subject Property.

7. The Net Proceeds, and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute res for the Subject Property in the above-captioned case, with all claims and defenses applicable

to the Subject Property, including any other action that may be brought by the United States Attorney's Office ("USAO") for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

8. The Net Proceeds shall be issued in a check made payable to United States Department of Treasury and referencing "U.S. v. Laforrest, 21 Cr. 272 (CM), 6805 NW 70th Place, Pompano Beach, FL" in the memorandum section of the check and deposited and be held by the United States Secret Service (or its designee) in the Treasury Seized Asset Depository Fund pending entry of a final order of forfeiture.

9. In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

10. The Defendants shall maintain the Subject Property in the same condition as the Subject Property is currently in, and shall not remove, destroy, alienate, transfer, detract from, remodel, or alter in any way, the Subject Property or any fixture, which is part of the Subject Property, reasonable wear and tear excepted.

11. Until the sale of the Subject Property, the Defendants shall pay outstanding and ongoing mortgage payments on the Subject Property and pay any taxes that come due on the Subject Property.

12. This Interlocutory Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

13. This Interlocutory Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

14. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Interlocutory Order.

15. Each party agrees to bear its costs and attorneys' fees.

16. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Interlocutory Order.

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By:  /s/                                             3/21/23
     Matthew R. Shahabian                            Date
     Assistant United States Attorney
     One Saint Andrews Plaza
     New York, New York 10007
     (212) 637-1046

SABITRI LAFOREST, Defendant-1

By:  *[signature]*                                   3-31-2023
     SABITRI LAFOREST                                Date

                                                     4/1/2023
By:  *Donna R. Newman*                               Date
     Donna Newman, Esq.
     Attorney for Defendant-1
     Law Offices of Donna R. Newman
     New York, NY 10007

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

GARRY LAFOREST, Defendant-2

By: _____  3-31-2023
GARRY LAFOREST                  DATE

By: _____  6-11-2023
Thomas F.X. Funn, Esq.          DATE
Attorney for Defendant-2
225 Broadway, Suite 1515
New York, NY 10007

SO ORDERED:

_____  6/16/23
HONORABLE COLLEEN MCMAHON   DATE
UNITED STATES DISTRICT JUDGE